IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GERALD L. SKENANDORE, JR.,

                                                            OPINION AND ORDER

           Plaintiff,

                                                             20-cv-17-bbc

    v.

ANDREW SAUL,
Commissioner of Social Security,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Gerald L. Skenandore, Jr. is seeking review of a final decision denying his claim for supplemental security income under the Social Security Act. 42 U.S.C. § 405(g). The administrative law judge found that plaintiff had several severe physical impairments, but that he could still perform work in the national economy despite his impairments. Plaintiff contends that the ALJ erred in evaluating how his social limitations affected his mental residual functional capacity. Because plaintiff's argument is not persuasive, I will affirm the commissioner's decision.

      The following facts are drawn from the administrative record (AR). Because plaintiff argues only that the ALJ erred in evaluating his mental impairments and abilities, I do not discuss plaintiff's physical impairments below.

1

FACTS

A. <u>Social Security Application and Background</u>

Plaintiff Gerald Lee Skenandore, Jr. was born in 1969, making him 46 years old at the time he first filed for supplemental security income in June 2015. In his 2015 application, plaintiff alleged that he became disabled on April 20, 2015 due primarily to pain in his back, shoulder and leg. AR 57, 228. Plaintiff's application was denied in September 2015. In August 2017, plaintiff filed a second application for supplemental security income, alleging that he had been disabled since December 31, 2014 by chronic back, leg pain and diabetes. AR 253. His second application was denied, and plaintiff requested a hearing before an ALJ. After the hearing, the ALJ issued a written decision concluding that plaintiff was not disabled. AR 13-22.

In December 2019, the appeals council denied plaintiff's request for review, AR 1-3, making the ALJ's decision the final decision of the commissioner. Plaintiff then filed this lawsuit under 42 U.S.C. § 405(g).

B. <u>Administrative Hearing</u>

At an administrative hearing held in May 2019, plaintiff testified that he had had several jobs through a temp agency between 2005 and 2012. AR 35-36. He worked as a cashier and clerk at a gas station from 2012 to 2014, but was terminated from that job because of a misunderstanding with his employer. AR 36-37. Plaintiff testified that he has been unable to work since December 2014 because of severe back pain that limited his

2

ability to stand, sit and sleep through the night. AR 37. The ALJ asked plaintiff whether he had any other conditions besides his back pain that prevented him from working, and plaintiff responded, "just the pain." Id. at 40. Plaintiff testified that he had no difficulties with his personal care, and that he could make simple meals and do chores around the house, grocery shop with his girlfriend once a month and attend tribe meetings periodically. AR 42. In response to questions from his representative, plaintiff testified that he gets along with people, but that he "gets nervous and kind of anxiety when I'm around too many people." AR 44. He testified that he starts sweating when he is nervous. Id. The ALJ asked plaintiff whether he had had any mental health or other treatment for his anxiety or social anxiety, and plaintiff responded that he had not, but did not know why he had not. He stated that he "just didn't go through with it." Id. at 48.

### C. Mental Health Findings

In connection with plaintiff's first application for supplement security income in 2015, plaintiff saw Steven Krawiec, Ph.D. for an August 2015 psychological consultative examination. AR 394-97. Plaintiff told Krawiec that he applied for supplemental security income because of his back pain. AR 394. He also told Krawiec that he got along with other people "pretty good," but that he felt anxious around "too many people." AR 394-95. Plaintiff stated that when he felt anxious he got hot and would sweat. AR 395. He also stated that he could not give a speech in front of a big group because he would be nervous. Id. Upon exam, Krawiec observed that plaintiff's speech was well-organized, understandable

3

and goal-directed. His affect was appropriate, his remote memory and fund of information was grossly intact, and he exhibited adequate attention and concentration. Id. Krawiec spoke with plaintiff's girlfriend, who stated that plaintiff was seeking disability because of his back and shoulder pain. AR 396. She reported that plaintiff got along with others adequately. Id.

Krawiec stated in the summary of his report that plaintiff "described having a social anxiety disorder, and as such would not be suited for a job where he had to work amongst other people." Id. Krawiec also stated, "I do not have a reason to think that he would have trouble getting along with coworkers, supervisors, etc.," but that "workplace changes and stresses would be inadvisable." Id. Krawiec gave plaintiff a diagnosis of social anxiety disorder. AR 397.

In September 2015, state agency reviewing psychological consultant, Esther Lefevre, Ph.D., reviewed plaintiff's initial supplemental security income claim. AR 60-65. Lefevre noted that plaintiff had never seen a doctor or other health care professional for mental illness. AR 60. However, Lefevre gave great weight to Krawiec's findings and, based on Krawiec's examination, found that plaintiff had an affective disorder that was a severe impairment. AR 60, 62. She rated plaintiff's difficulty in maintaining social functioning and interacting with the general public as moderate, and she gave the opinion that he would "do better in jobs with no more than superficial contact with the general public, coworkers, or peers." AR 61, 64. She also stated that Krawiec's examination showed likely limitations in social behavior due to social anxiety. AR 61.

In November 2015, state agency reviewing psychological consultant Russell Phillips, Ph.D., also reviewed plaintiff's initial supplement security income claim. AR 72-77. Phillips found that plaintiff's anxiety disorder was a severe impairment, based on Krawiec's findings. AR 72, 74. Phillips gave the opinion that plaintiff had moderate difficulties in maintaining social functioning and marked limitations in his ability to interact with the general public. AR 73, 76. Phillips concluded that plaintiff could not tolerate sustained contact with the general public, but could tolerate the "minimum social demands of simple-task settings." AR 76.

### D.  Administrative Law Judge's Decision

The ALJ followed the five-step sequential evaluation of disability set out by the regulations. 20 C.F.R. § 416.920. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since applying for disability. AR 15. At steps two and three, the ALJ found that plaintiff had the severe impairments of Type 2 diabetes mellitus, obesity, left leg length discrepancy, lumbar spine and pelvis disorder and degenerative joint disease of the left shoulder, but that none of those impairments met or equaled the severity criteria of a listed impairment. AR 16-19.

The ALJ also found that plaintiff had the medically determinable impairment of social anxiety disorder, but that the impairment was not severe because it caused no more than minimal limitation on plaintiff's ability to perform basic mental work activities. AR 16. The

ALJ found that the findings of Krawiec, Lefevre and Phillips were not persuasive because the findings were dated and were not supported by any objective evidence. Id.

At step four, the ALJ found that plaintiff had the residual functional capacity to perform light work, with some additional physical limitations. AR 17. At step five, the ALJ determined that plaintiff could perform his past relevant work as a cashier, and also that, based on vocational expert testimony, plaintiff could perform a significant number of other jobs in the national economy. AR 21-22.

OPINION

Plaintiff contends that the ALJ erred by omitting social limitations from his residual functional capacity assessment. In particular, he argues that the ALJ "played doctor" by rejecting the findings of Krawiec, the psychological consultative examiner, and Lefevre and Phillips, the reviewing psychological consultants who found that plaintiff had a social anxiety disorder that would limit his abilities to interact with the public.

In reviewing the ALJ's decision with respect to this argument, I must determine whether the ALJ's decision is supported by substantial evidence, which means "sufficient evidence to support the agency's factual determinations." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019). The threshold for sufficiency is not high; the substantial evidence standard requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. The ALJ must identify the relevant evidence and

build a "logical bridge" between that evidence and the ultimate determination. Moon v. Colvin, 763 F.3d 718, 721 (7th Cir. 2014).

The ALJ's decision in this instance is supported by substantial evidence. In discussing plaintiff's mental health and diagnosis of social anxiety disorder, the ALJ pointed out that the only person to raise mental health concerns was Dr. Krawiec, during the psychological consultative examination in August 2015. AR 16. Krawiec's findings were not persuasive because they were not supported by objective evidence, including Krawiec's own examination. Id. Krawiec provided little explanation for his decision to diagnose social anxiety disorder in plaintiff or for thinking that plaintiff would be limited by social anxiety. Id. Krawiec noted only that plaintiff reported anxiety when around too many people, and that plaintiff stated that his face turns red and he gets hot when he is anxious. Id. On the basis of these allegations, Krawiec stated that plaintiff "described having social anxiety disorder, and as such" faced social limitations. AR 396. The ALJ found reasonably that Krawiec's explanation for plaintiff's alleged limitations was not sufficient.

As the ALJ noted, Krawiec's opinion was inconsistent with other evidence in the record. Both of plaintiff's disability applications concerned physical pain and impairments, and plaintiff did not raise social anxiety or any other mental impairment as a basis for receiving disability assistance. During his hearing, plaintiff stated that he could not work because of back pain, and did not identify any other reason. AR 40. Plaintiff and his girlfriend stated that plaintiff got along with other people, AR 395, 396, plaintiff testified

that he attended tribal meetings when physically able, AR 42, and did not appear anxious during the hearing. AR 16.

Finally, the ALJ noted that Krawiec's opinion was dated, as the relevant period for plaintiff's supplemental security income application was from August 2017 through June 2019, and plaintiff had never sought treatment for any mental health concerns either before or after Krawiec's 2015 opinion. AR 16. The record confirms that plaintiff has never received any mental health diagnosis from a treating medical provider, and that he has never complained of mental deficits to healthcare providers. AR 60. When the ALJ asked plaintiff at the hearing why he decided not to pursue any mental health treatment, plaintiff had no explanation. He stated only, "I don't know. I just didn't go through it." Id. For all of these reasons, the ALJ's decision not to include social limitations in plaintiff's residual functional capacity is supported by substantial evidence.

Plaintiff's arguments to the contrary are not persuasive. He argues that the ALJ should have considered the consistency between Krawiec's findings and the findings of consultants Lefevre and Phillips. However, those consultants based their opinions exclusively on Krawiec's opinion. AR 60, 76-77. Thus, the ALJ's analysis of Krawiec's opinion applies to both Lefevre's and Phillips's findings as well. In addition, the ALJ noted that those opinions were from 2015, and thus, were also dated.

Plaintiff argues that the ALJ should have considered that Krawiec, as a mental health expert, did not rely solely on plaintiff's subjective description of social anxiety when diagnosing social anxiety disorder. Plaintiff argues that Krawiec also relied on his own

8

observations and analysis in determining plaintiff's limitations. However, nothing in Krawiec's report suggests that he relied on observation or any specific analysis in diagnosing social anxiety. Krawiec noted in his report that plaintiff's mental status examination was unremarkable, with no notes suggesting that plaintiff exhibited social anxiety during the examination or the physical symptoms he alleged accompanied his anxiety. AR 395.

Finally, plaintiff argues that the ALJ should have considered whether plaintiff failed to seek treatment because of his mental illness. However, there is no evidence in the record to suggest that plaintiff's social anxiety, which arose when he was around large groups of people, played any role in his failure to seek mental health treatment and failure to even mention mental health concerns to any of his medical providers.

Accordingly, I will affirm the commissioner's decision denying benefits.

ORDER

IT IS ORDERED that the that the decision of defendant Andrew Saul, Commissioner of Social Security, is AFFIRMED and plaintiff Gerald L. Skenandore, Jr.'s appeal is DISMISSED. The clerk of court is directed to enter judgment in favor of defendant and close this case..

Entered this 19th day of October, 2020.

BY THE COURT:
/s/
_____
BARBARA B. CRABB
District Judge